UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILMOT & JUNE SHOWS** | * | **CIVIL ACTION:** |
| | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **SECTION " "** |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **COMPANY** | * | **MAGISTRATE** |

*************************************************************************

### NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, State Farm Fire and Casualty Company ("State Farm"), which files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and hereby removes this matter from the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, to the docket of this Honorable Court.

**I.   INTRODUCTION**

1.

Plaintiffs brought this action against State Farm in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, bearing Case No. 114,746, Division E, and entitled "*Wilmot and June Shows v. State Farm Fire and Casualty Company.*" (See Plaintiffs' Petition attached in its entirety hereto as **Exhibit A**).

2.

The suit seeks damages and penalties from State Farm for its alleged failure to provide coverage and payment for certain claims made under Plaintiffs' homeowners insurance policy in connection with Hurricane Katrina. In addition to Plaintiffs' claims under the terms of the policy, Plaintiffs seek general and specific damages, as well as damages, penalties and attorney's fees under Louisiana Revised Statutes 22:1892 and 22:1973[1].

**I.   REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

3.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

**A.   THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

4.

Complete diversity of citizenship exists between the parties: Wilmot and June Shows are citizens of the State of Mississippi;[2] State Farm is incorporated and has its principal place of business in Illinois and is, therefore, domiciled in the State of Illinois.[3] Thus, complete diversity exists between the parties.

**B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS**

5.

Based upon information and belief, the amount in controversy facially exceeds $75,000.

---

[1] Plaintiffs' petition seeks damages under La. R.S. 22:658 and 22:1220; it does not reference La. R.S. 22:1892 or 22:1973. Those statutes (La. R.S. 22:658 and 22:1220) have been re-designated as La. R.S. 22:1892 and 22:1973. State Farm will refer to them under their new designation throughout this pleading.
[2] Plaintiffs' Petition, ¶ I
[3] Plaintiffs' Petition, ¶ II

6.

When plaintiffs allege an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir.1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995).  A defendant satisfies this burden either: (1) by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or (2) by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied.  *Allen* at 1335.

7.

While State Farm admits neither liability nor any element of damages, Plaintiffs' Petition facially supports a finding that the amount in controversy exceeds $75,000.

8.

Plaintiffs allege their home, contents, and insured structures sustained damage as a result Hurricane Katrina.[4]

9.

The coverage limits on Plaintiffs' homeowners policy (the "Policy") total $137,198, not including Loss of Use/Additional Living Expenses (ALE).  The Policy provides the following coverage limits: (1) $78,399 for dwelling; (2) $58,799 for contents; and (3) actual loss sustained for Loss of Use/ALE.

10.

Plaintiffs allege that the policy at issue in this case is a "valued policy"[5] under Louisiana Revised Statute 22:1318.[6]  As such, Plaintiffs allege they are owed the full limits under their policy.

---

[4] Plaintiffs Petition, ¶ VI.

11.

The sum of the Policy's coverage limits (not counting ALE) is $137,198. Plaintiffs were paid $30,805.18 toward these limits, and allege they are owed the balance of the same. Thus, the amount facially at issue is not less than $106,392.82 ($137,198 - $30,805.18).

12.

In addition to the claims under the policy, the Plaintiffs seek damages, penalties, and attorney fees under La. R.S. 22:1892 and 22:1973.[7] If the 50% penalty multiplier of La. R.S. 22:1892 is taken into consideration, which plaintiffs allege is due, the amount facially in controversy is not less than $159,589.23 ($106,395.82 x 1.5).

13.

Based on the evidence, it is facially apparent that the amount in controversy is in excess of $75,000.

### C. THE PLAINTIFF DID NOT FILE A BINDING STIPULATION LIMITING RECOVERY *WITH ITS COMPLAINT*

14.

To determine whether jurisdiction is present for removal, federal courts consider the claims made in the state court petition as they existed at the time of removal. See *Manguno v. Prudential Property & Casualty Inc. Co.*, 276 F.3d 720 (5th Cir. 2002).

15.

The United States Supreme Court has held that, with respect to the amount in controversy, a plaintiff must make all information known at the time he files the complaint. See

---

[5] Plaintiffs Petition, ¶ VII.
[6] Plaintiffs' petition seeks damages under La. R.S. 22:695; it does not reference La. R.S. 22:1318. That statute (La. R.S. 22:695) has been re-designated as La. R.S. 22:1318. State Farm will refer to it under its new designation throughout this pleading.
[7] Plaintiffs' Petition, ¶¶ X and XI

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Further, the Fifth Circuit has held that when a state law prohibits a plaintiff from including an *ad damnum* clause, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *De Aguilar*, 47 F.3d at 1412, *quoting In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 US 283, 58 S.Ct. 586 (1938). The state court stipulation from the plaintiff must include the renunciation of the right to enforce a judgment in an amount greater than $75,000. *See Davis v. State Farm and Casualty, et. al.,* 2006 WL 1581272, *2 (E.D.La. 2006).

16.

Plaintiffs have made no such binding stipulation and renunciation.

17.

While State Farm admits neither liability nor any element of damages, under the rules of *De Aguilar, Allen* and *Davis,* State Farm has met its burden of showing the amount in controversy is in excess of $75,000.

18.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332 et seq., as the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II.    STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

19.

The Louisiana Secretary of State, State Farm's agent for service of process, was served with the petition on January 29, 2010. State Farm first received notice of this lawsuit on February 2, 2010, via transmission from the Secretary of State. **(Exhibit B).**

20.

This Notice of Removal was filed within thirty (30) days after State Farm first received a copy of the initial pleadings setting forth the claim for relief upon which this action is based, and is therefore timely under 28 U.S.C. § 1446(b).

21.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiff and a copy is being filed with the Clerk of Court for the 34th Judicial District Court for the Parish of St. Bernard, the Parish where plaintiff filed the Petition for Damages.

22.

No previous application has been made for the relief requested herein.

23.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

### III. THE EASTERN DISTRICT OF LOUISIANA IS THE PROPER VENUE FOR THIS ACTION

24.

The 34th Judicial District Court for the Parish of St. Bernard, where Plaintiffs filed the Petition for Damages, is located within the Eastern District of Louisiana. 28 U.S.C. § 98(a). Therefore, venue is proper pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this court's docket.

Respectfully submitted,

/s/ David A. Strauss
DAVID A. STRAUSS (**T.A.**) #24665
ADAM P. MASSEY, #29330
RICHARD D. SERIO, JR. #32681
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
dstrauss@kingkrebs.com
amassey@kingkrebs.com
dserio@kingkrebs.com
*Attorneys for State Farm Fire and Casualty Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record either by hand delivery, facsimile or by placing the same in the United States mail, properly addressed and postage pre-paid, this 24th day of February, 2010.

                                                                   /s/ David A. Strauss
                                                           DAVID A. STRAUSS